UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION



_____John K. Rivenburgh_____
Plaintiff(s)

v.

CASE NUMBER:

SA11CA0734 OG

_____Vanguard Trademark Holdings USA LLC_____
Defendant(s)

1. The Plaintiff is John K. Rivenburgh. The Plaintiff's address is 2914 Olmos Creek Drive #6312, San Antonio, TX 78230.

2. The Defendant is Vanguard Trademark Holdings USA LLC. The Defendant's address is 600 Corporate Park Drive, St. Louis, Missouri 63105.

3. This court has proper jurisdiction based on the diversity of citizenship among the parties. Plaintiff is a resident of Texas and Defendant's listed address in previous arbitration filings is in Missouri. Moreover, the cause of action for this case arose in San Antonio, Texas. The cause of action is the Plaintiff's registration of the domain name, AlamoClub.com, which Defendant claims as infringing upon its trademark, "Alamo".

4. Defendant instituted an action through the National Arbitration Forum to claim ownership of the domain name AlamoClub.com. Defendant claimed ownership under the basis the registration of AlamoClub.com was violative of United States trademark

law. Defendant was awarded transfer of the domain name AlamoClub.com by a National Arbitration Forum panelist. Plaintiff now institutes this action, insisting Defendant has no rightful trademark claim over the domain name, AlamoClub.com.

a. Plaintiff alleges that Defendant has no rights to AlamoClub.com under the Anti-cybersquatting Consumer Protection Act, codified as 15 U.S.C. § 1125(d).

b. Specifically, under the Anti-cybersquatting Consumer Protection Act, to find a domain name is violative of a trademark, a court must find (1) have a bad faith intent to profit from a domain name; and (2) register, use or traffic in a domain name; (3) that is identical, confusingly similar, or dilutive of certain trademarks.

c. Plaintiff alleges that the domain name, AlamoClub.com is not violative of Defendant's mark in "Alamo" because Defendant's mark is (1) generic and descriptive in nature and (2) limited to the extent of what the mark was registered for, specifically car rental services.

d. Plaintiff also alleges that the domain name AlamoClub.com is not confusingly similar or dilutive of its trademark. The website AlamoClub.com contains no content that would confuse website visitors, if any, as to whether the website was concerned with Defendant's rental car services. Moreover, the website AlamoClub.com receives very little, if any traffic.

e. Furthermore, Plaintiff alleges the domain name AlamoClub.com was not registered with any bad faith or intent to dilute Defendant's trademark. Plaintiff never offered to sell the domain name, AlamoClub.com, to Defendant or any other person. Additionally, Plaintiff never sought to profit from any connection to

Defendant's trademark, logo, or rental car services in general. Plaintiff made use of the domain name, AlamoClub.com, for completely unrelated purposes.

Plaintiff seeks relief from this Court in the form of declaring the registration of the domain name, AlamoClub.com, does not violate any trademarks, including Defendants. Plaintiff also asks this Court to name Plaintiff as a rightful and legitimate owner of the generic domain name, AlamoClub.com.

_____
John K. Rivenburgh
2914 Olmos Creek Drive #6312
San Antonio, TX 78230
210.381.4701